HORRIGAN CONTRACTING COMPANY, a corporation of the State of Delaware, to the use of GORMERLY-SWARTZ MOTOR CAR COMPANY, a corporation of the State of Pennsylvania, vs. COLUMBIA INSURANCE COMPANY, a corporation of the State of New Jersey.

INSURANCE—PROCESS—MODE OF SERVICE.

23 Del. Laws, c. 71, § 1, provides that no foreign insurance corporation shall transact business until it shall have first appointed the insurance com-

27 Del.] HORRIGAN CONTRACTING CO. vs. COLUMBIA INS. CO. 455

Syllabus—Statement.

missioner to be its attorney for the service of process, while *section* 3 declares that, whenever service of process on an insurance company may be made on the insurance commissioner, the commissioner may designate some person upon whom, in his absence, service may be made. *Held* that, as the statute expressly provided how service shall be made in the absence of the insurance commissioner, it contemplates only personal service, and service of copy on an adult in the commissioner's office is unavailing, and must be quashed.

*(October 6, 1913.)*

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*Reuben Satterthwaite, Jr.*, for the motion.

*John F. Neary* (of *Ward, Gray and Neary*) opposed.

Superior Court, New Castle County, September Term, 1913.

ACTION (No. 125, September Term, 1913) by the Horrigan Contracting Company, a corporation of the State of Delaware, to the use of the Gormerly-Swartz Motor Car Company, a corporation of the State of Pennsylvania, against the Columbia Insurance Company, a corporation of the State of New Jersey. On motion to quash and set aside the return of service by a copy. Motion sustained.

*Mr. Satterthwaite: Chapter* 71, *Volume* 23, *Laws of Delaware, page* 112, provides for service on the Insurance Commissioner in an action against a foreign corporation.

The return of service, in this case, is as follows:

"1913, September 12. Served personally the State Insurance Commissioner of the State of Delaware, by leaving a copy of the within writ at the office of the State Insurance Commissioner, at Dover, Delaware, in the presence of Bertha Butz, an adult person.

"So returns William S. Smith, sheriff of Kent County."

This is neither a good service, personally nor by leaving copy. Under the statute service cannot be made by leaving a copy; it must be personal.

*Section* 1 provides that: "No insurance company, corporation or association organized under the laws of any other state, or any foreign country, shall directly or indirectly issue policies, take risks, or transact business in this state, until it shall have first

appointed in writing the Insurance Commissioner of this State to be its attorney in this state, upon whom all lawful process, in any action or proceeding against it, may be served with the same effect as if the company, corporation, or association existed in this state. Said power of attorney shall stipulate and agree on the part of the company, corporation, or association, that any lawful process against the same which is served on said attorney shall be of the same legal force and validity as if served on the company, corporation, or association, and that the authority shall continue in force so long as any certificate of membership, policy, or liability remains outstanding against the company, corporation, or association, in this state. A certificate of such appointment, duly certified and authenticated, shall be filed in the office of the insurance commissioner, and copies certified by him shall be sufficient evidence. Service upon such attorney shall be sufficient upon the principal."

*Section* 2 provides: "Whenever lawful process against an insurance company, a corporation, or association shall be served upon the Insurance Commissioner, he shall forthwith mail a copy of such process to the secretary of the company, or in the case of companies of foreign countries, to the resident manager, if any, in this country."

*Section* 3 provides: "Whenever service of process on an insurance company may be made, by law, on the Insurance Commissioner of this State, such commissioner may from time to time designate some person in his office upon whom, in his absence, service of such process may be made; and such service shall be of the same force and effect as though made on the commissioner personally."

*Mr. Neary:*—My thought is that the return may be construed in this way: There was a personal service upon the insurance commissioner, also copy was left; the balance of the return is mere surplusage. The return does show served personally the insurance commissioner.

PENNEWILL, C. J., delivering the opinion of the court:

This return shows an attempted service upon the insurance

27 Del.] Horrigan Contracting Co. vs. Columbia Ins. Co. 457.

Opinion.

commissioner by leaving a copy, and we think that inasmuch as an alternative service is provided for in the statute, a service by leaving a copy would not be a legal service. The statute expressly provides how service shall be made in the absence of the insurance commissioner, and that is, upon some person in the office designated by the commissioner. Upon such person process may be served, and manifestly the statute means that it shall be personal service. Moreover, service by copy can only be made by authority of statute, and no such authority is given expressly or by implication.